**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GERARD PADULA,**

                       **Plaintiff,**

    **v.**                                               **8:11-CV-00607**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**[1]

                       **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner opposes the motion, contending that the Commissioner's position was substantially justified. Plaintiff has filed a reply, arguing that the Commissioner's position was not substantially justified and seeking additional fees for time expended in drafting the reply. The Court has considered all of these submissions, and the record in this matter, in reaching its decision.

**II.    BACKGROUND**

Plaintiff filed an application for Supplemental Security Income on July 7, 2009 (Tr. 82-84, see Tr. 12, 37). He alleged that he was disabled since July 19, 2006 due to

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, she is substituted for Commissioner Michael J. Astrue as the defendant.

1

depression, anxiety, substance abuse, and acid reflux (Tr. 53, 111). Plaintiff's application was denied (Tr. 41-45, 47-51). Plaintiff then requested a hearing before an administrative law judge ("ALJ") (Tr. 53). After a hearing on October 26, 2010 (Tr. 25-36), ALJ Carl E. Stephan issued a decision on December 3, 2010 finding that Plaintiff was not disabled because he had the residual functional capacity (RFC) to perform his past relevant work as a landscaper. (T. 19, *see also* Tr. 12-20). Plaintiff requested that the Appeals Council review the ALJ's decision (Tr. 7), and on May 12, 2011, the Appeals Council denied Plaintiff's request (Tr. 1-3). The ALJ's decision therefore became the Commissioner's final decision.

On June 1, 2011, Plaintiff filed a complaint in this court challenging the Commissioner's final decision. Plaintiff argued that the ALJ failed to properly apply the treating physician rule; failed to properly use the "special technique" to evaluate the factors set forth in Section 12.04 of the Listings to determine whether Plaintiff was disabled by his mental illness; failed to properly determine Plaintiff's RFC; and erred in finding that Plaintiff was not credible. Defendant argued that the Commissioner's decision was supported by substantial evidence and should be affirmed.

On April 12, 2012, the Hon. Andrew T. Baxter, United States Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that this Court affirm the Commissioner's final decision denying benefits and dismiss the complaint. Plaintiff filed objections to the R&R, essentially arguing the same issues presented to Magistrate Judge Baxter. The Commissioner responded, contending that Magistrate Judge Baxter properly found that the Commissioner's decision to be supported by substantial evidence and that,

in his objections, Plaintiff merely presented the same arguments raised in his initial memorandum.

By Decision and Order dated July 16, 2012, this Court adopted the R&R in its entirety, affirming the Commissioner's decision and dismissing Plaintiff's complaint. Plaintiff appealed to the United States Court of Appeals for the Second Circuit.

In a Summary Order, the Second Circuit affirmed in part, vacated in part, and remanded the case for further administrative proceedings. In reaching this decision, the Second Circuit found that, at the third step of the five-step sequential analysis,

> the ALJ did not err in concluding that Padula's impairment did not meet the Appendix 1 listing for § 12.04. Padula did not make the requisite showing that he met the impairments listed at either § 12.04 B or C.

2nd Cir. Summary Order, p. 2.

However, the Second Circuit determined that the ALJ erred in his analysis at the fourth step,[2] writing:

> In the instant case, the ALJ determined that Padula's reported symptoms of nausea and fatigue were not credible to the extent they were inconsistent with medical evidence and Padula's account of his daily activities. However, as these symptoms were supported by the treatment records from Padula's treating psychiatrist, Dr. Astill-Vaccaro, and there was nothing in the description of Padula's daily activities, previous work history, or observations by any employees of the SSA that undermined these claimed symptoms, the ALJ did not properly consider all of the symptoms suffered by Padula in making his determination about Padula's residual functional capacity. Likewise, to the extent the ALJ found Padula not to be credible based upon his description of these symptoms, we find that the ALJ erred because the determination "did not comply with the ALJ's obligation to consider 'all of the relevant medical and other evidence,' 20 C.F.R. § 404.1545(a)(3), and cannot

---

[2] At the fourth step, the ALJ assesses whether, "'despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.'" 2nd Cir. Sum. Ord., p. 2 *(quoting Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000)(internal quotation marks omitted)).

3

stand." *Genier v. Astrue*, 606 F.3d 46, 50 (2d Cir. 2010). Therefore, this case must be remanded for further proceedings to determine Padula's residual functional capacity in light of "*all* of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3)(emphasis added). In analyzing the record on remand, the ALJ remains free to consider evidence regarding any effect Padula's drug and alcohol use may have had on his asserted symptoms, *see Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012), and also to develop the administrative record to the extent necessary to make this and any other determinations on the extent and causes of Padula's symptoms, *see Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (memorializing ALJ's obligation to develop administrative record).

2nd Cir. Summary Order, p. 3 (emphasis in original).

Plaintiff's other arguments presented on appeal were found to be without merit. *Id.*

The Second Circuit issued its mandate on May 14, 2013 and, on May 21, 2013, this Court entered a Decision and Order and Amended Judgment remanding the matter to the Commissioner for further proceedings consistent with the Second Circuit's opinion.

Plaintiff filed the instant motion, initially seeking $7,391.23 for EAJA fees based on 40.1 attorney hours at a rate of $184.32 per hour.[3] The Commissioner opposes the motion on the ground that the Commissioner's position was substantially justified. In reply, Plaintiff argues that the position was not substantially justified and requests an additional $3,226.12 (17.5 hrs. x $184.35) in attorney's fees for counsel's work in preparing the reply papers.

**III.    DISCUSSION**

**a. EAJA Fees**

The high cost of litigation may deter individuals from seeking review of government

---

[3] The hours are only for time spent litigating in the District Court. See May 29, 2013 Schneider Aff.

4

decisions. The EAJA, which aims to reduce this barrier by allowing for an award of attorney fees to successful litigants, *Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702, 704 (2d Cir. 1987), provides that

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.

28 U.S.C. §2412 (d)(1)(A)(emphasis added).

The government argues that even though Plaintiff is a prevailing party, *see Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993), EAJA fees are not warranted because the Commissioner's position was substantially justified.

### b. Substantially Justified

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the action is based) which is made in the civil action for which the fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). The government bears the burden of showing that its position was substantially justified. *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007). To meet its burden, the government must make a strong showing that its action was "'justified to a degree that could satisfy a reasonable person.'" *Healey*, 485 F.3d at 67 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Substantially justified" means "justified in substance or in the main." *Pierce*, 487 U.S. at 565. Thus,

> [t]he Commissioner's position "can be justified even though it is not correct,

5

and ... it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct." *Pierce*, 487 U.S. at 566 n. 2. Through this qualification, the EAJA "protects the government when its case, though not prevailing, has a reasonable basis in law and fact." *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988).

*Lugo v. Astrue*, 2012 WL 4026848, at *3 (W.D.N.Y. Sept. 12, 2012). This standard "'is a 'middle ground' between the automatic awarding of fees to a prevailing party, and the allowance of a fee award only where the government is arbitrary and frivolous.'" *Id.* (quoting *Cohen,* 837 F.2d at 585, n. 4).

### c. Parties' Positions

In support of its contention that the Commissioner's position was substantially justified, the government argues:

> [T]he Second Circuit vacated that portion of the ALJ's decision that addressed Plaintiff's subjective complaints of fatigue and nausea, finding that the symptoms were supported by Dr. Astill-Vaccaro's treatment records, and that the ALJ had not considered all of Plaintiff's symptoms in determining Plaintiff's residual functional capacity. But, this does not mean that the government's position was without substantial justification. Indeed, the record shows that the ALJ explicitly addressed Plaintiff's symptoms in assessing his credibility (Tr. 19). In finding that Plaintiff's subjective symptoms were not fully credible, the ALJ specifically noted that office notes from his treating medical sources "consistently reported that [plaintiff] had not alleged any side effects from the use of medications" (Tr. 19). The record supported this analysis. Dr. Astill-Vaccaro, Plaintiff's treating psychiatrist, noted that Plaintiff complained of nausea on only one occasion, and the psychiatrist did not attribute it to his medication (Tr. 355). Dr. Astill-Vaccaro otherwise noted that Plaintiff tolerated his medications well and denied any side effects (Tr. 299-300, 302-03, 305, 309-15, 318-119, 353, 355-56).

> Additionally, Dr. Miller, Plaintiff's primary-care physician, noted several times that Plaintiff reported no side effects from his medications, and also noted that he was not experiencing nausea (Tr. 255, 262, 263, 267, 268, 274, 282). Dr. Miller also noted that, after initially complaining of fatigue, Plaintiff was treated for sleep apnea and afterwards had no complaints of fatigue (Tr. 255, 262, 267, 273, 277, 283).

6

> In assessing plaintiff's credibility, the ALJ also considered his reported daily activities (Tr. 19). Plaintiff performed household chores, including washing dishes preparing meals, vaccuming and doing laundry (Tr. 15, 19, 32, 121-24). He helped his girlfriend care for her children (Tr. 19, 27, 31-32). He enjoyed fishing, playing the guitar, playing video games, and attending movies (Tr. 32). The ALJ also considered that Plaintiff's treatment had been generally successful in controlling his symptoms (Tr. 256, 262, 276, 281-82, 285, 290, 301, 304, 310, 313, 315-16, 318-20, 353, 355-56, 358). Given the amount of evidence that supported the Commissioner's finding regarding Plaintiff's credibility, the Commissioner was substantially justified in finding that despite Plaintiff's medically determinable impairments, his testimony regarding the intensity, persistence, and limiting effects of his symptoms, and alleged side-effects from his medication, were not entirely credible (Tr. 16, 19).

Govt. Opp. Mem. L., pp. 4-6 (citations omitted).

Plaintiff counters that "the Commissioner cherry picks 'factoids' in support of her administrative and legal actions that were *rejected* by the Court of Appeals in its Decision," and that "[t]he Decision of the Second Circuit shows that the position of the Commissioner in denying benefits to Mr. Padula was *not* reasonable." Pl. Reply Mem. L., p. 5 (emphasis in original).

### d. Analysis

Although the Second Circuit directed that the matter be remanded to determine "Padula's residual functional capacity in light of *all* of the relevant medical and other evidence," it also held that

> [i]n analyzing the record on remand, the ALJ remains free to consider evidence regarding any effect Padula's drug and alcohol use may have had on his asserted symptoms, and also to develop the administrative record to the extent necessary to make this and any other determinations on the extent and causes of Padula's symptoms.

2nd Cir. Summary Order.

7

Thus, while the door remains open to whether Plaintiff will ultimately receive social security benefits, the Second Circuit's opinion is not a resounding rejection of the Commissioner's position in this matter.

Moreover, even though it was error for the ALJ to reject as incredible Plaintiff's reported symptoms of nausea and fatigue without taking into account the treatment records from Dr. Astill-Vaccaro, a reasonable person reviewing the record would not necessarily find the ALJ's credibility determination - and the Commissioner's defense of that position - incorrect. The record indicates that Plaintiff complained of nausea on only one occasion to Dr. Astill-Vaccaro; Dr. Astill-Vaccaro did not attribute this nausea to Plaintiff's medication which Dr. Astill-Vaccaro noted was well tolerated; Dr. Miller, Plaintiff's primary-care physician, noted that Plaintiff reported no side effects from his medications and that Plaintiff was not experiencing nausea; Dr. Miller also noted that, after initially complaining of fatigue, Plaintiff was treated for sleep apnea and afterwards had no complaints of fatigue; and the ALJ considered Plaintiff's reported daily activities in assessing Plaintiff's credibility. While the ALJ erred in failing to consider all of the evidence, a reasonable person would not necessarily find that the ALJ reached an incorrect result or that the Commissioner was substantially unjustified in defending the position. This case is unlike others where an ALJ, for instance, unreasonably ignores or mischaracterizes probative medical evidence impacting a plaintiff's condition and then is defended by the Commissioner. *See e.g. Ericksson*, 557 F.3d at at 83 (Commissioner's position not substantially justified where a physician's report of the plaintiff's back condition was summarized by the ALJ as simply being "noted, when the doctor in fact

made an independent diagnosis").

In light of the record in this matter, and considering the arguments presented to this Court and to Magistrate Judge Baxter, the Court finds that the government has established that the Commissioner's position was justified to a degree that could satisfy a reasonable person that it was correct. That is, the Commissioner's position was "substantially justified" as the term is used in the EAJA. To hold otherwise in this case would be tantamount to automatically awarding fees to a prevailing party and would read out of the statute the exclusion for those situations when the Court finds the position of the United States to be substantially justified. See 28 U.S.C. §2412 (d)(1)(A).

## IV. CONCLUSION

Accordingly, Plaintiff's motion for EAJA fees [dkt. # 26 ] is denied.

**IT IS SO ORDERED**.

Dated: November 14, 2013

Thomas J. McAvoy
Senior, U.S. District Judge